IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN DOE, on behalf of himself and others similarly situated, | ) ) ) | Case No. |
| Plaintiff, | ) ) ) | 42 U.S.C. § 1983 |
| vs. | ) ) ) | CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| DOUG PETERSON, Attorney General of the State of Nebraska, in his official capacity; and JOHN BOLDUC, Superintendent of Law Enforcement and Public Safety for the Nebraska State Patrol, in his official capacity, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

COMES NOW Plaintiff, by and through undersigned counsel, on behalf of himself and others similarly situated and for his Complaint hereby states:

**PRELIMINARY STATEMENT**

This is a Complaint for declaratory and injunctive relief arising out of the violation of Plaintiff's (and others similarly situated) Constitutional rights. Plaintiff brings this case on behalf of himself and others similarly situated for violation of his civil rights under the Eighth Amendment, Equal Protection Clause and the third prong of the Right to Travel arising from the Privileges or Immunities Clause, Section 1, Clause 2, of the Fourteenth Amendment and the Privileges and Immunities Clause, Article IV, Section 2, Clause 1, of the United States Constitution.

1

This action is brought pursuant to 42 U.S.C. § 1983 to challenge the constitutionality of the Nebraska Sex Offender Registration Act, Neb. Rev. Stat. § 29-4001 et seq. (SORA) and its public notification requirements to juveniles adjudicated delinquent in other jurisdictions but not in Nebraska.

## INTRODUCTION

In 1994, Congress passed the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act which conditioned certain federal funding on a state's adoption of sex offender registration laws within 3 years. In response, Nebraska enacted SORA in 1996. The Adam Walsh Child Protection and Safety Act of 2006 (Adam Walsh Act) was signed into law in July 2006. Title I of the Adam Walsh Act requires that states, including Nebraska, substantially implement the Adam Walsh Act by July 27, 2009.

On March 18, 2009, Colonel Bryan Tuma, then-Superintendent for the Nebraska State Patrol, informed the Judiciary Committee of the cost of not fully implementing the Adam Walsh Act. He testified that jurisdictions who did not substantially comply with the Adam Walsh Act by July 27, 2009, would face mandatory 10 percent reductions in Byrne Justice Assistance Grant funding and would result in a total loss of over one-half million dollars. Nebraska passed LB 97 and LB 285 in 2009 and overhauled SORA in order to comply with the Adam Walsh Act but LB 97 and LB 285 did not require registration of juveniles adjudicated delinquent of certain SORA-related offenses.

Nebraska requested two one-year extensions to July 27, 2011, in order to fully comply with the Adam Walsh Act. However, on December 14, 2011, the U.S. Department of Justice, Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking (SMART) notified the State of Nebraska that the State of Nebraska had not substantially implemented the Adam Walsh Act by the deadline. The SMART Office informed Nebraska that, but for Nebraska's failure to require registration of juveniles adjudicated delinquent of certain SORA-enumerated offenses, the SMART Office would have granted Nebraska substantial implementation status.

In response, then-Chairman of the Judiciary Committee, Senator Brad Ashford, said, "for the money we're losing, it's just not worth it." Senator Ashford also said the focus of juvenile court is rehabilitation, not punishment, and that it was problematic to include juveniles who were found responsible for offenses deemed not serious enough for prosecution in adult court. Then-Governor Dave Heineman said the way juvenile offenders are treated "can have very serious and long-term consequences to the successful rehabilitation."

Despite the decision by Nebraska lawmakers to exclude juveniles from SORA, the Nebraska State Patrol applied subdivisions (1)(a)(iv) and (1)(b)(iii) of section 29-4003 of SORA and its public notification requirements to juveniles adjudicated delinquent in other jurisdictions but not in Nebraska. Public notification is effectuated via the Nebraska Sex Offender Registry website administered by the community

notification division of the Nebraska State Patrol, which also provides sex offenders present a "high risk" to commit repeat offenses.

The Nebraska State Patrol knew full well, based on a significant amount of empirical data, not all individuals listed on the sex offender registry—particularly juveniles—present a high risk to commit repeat offenses.

On March 21, 2016, Senior United States District Judge Richard G. Kopf permanently enjoined Nebraska's Attorney General and State Patrol from enforcing Neb. Rev. Stat. § 29-4003(1)(a)(iv) against an individual with a juvenile adjudication in Minnesota on the basis that individuals with juvenile adjudications are not "sex offenders" for purposes of SORA. *A.W. v. Wood,* 8:14CV256 (D. Neb. Mar. 21, 2016). Judge Kopf stated, "[i]t is simply not possible to draw from the Nebraska statutes a desire to impose a stigmatizing burden on juveniles adjudicated out of state while not doing so to juveniles adjudicated in Nebraska." *Id.*

On July 31, 2017, the Eighth Circuit Court of Appeals affirmed the decision of Judge Kopf. Although the Eighth Circuit avoided deciding the constitutional issues, the court wrote:

> We believe the application of SORA and its public notification requirements to juveniles adjudicated delinquent in other jurisdictions but not in Nebraska raises serious constitutional concerns under the right to travel and to equal protection of the laws.

*A.W. v. State of Nebraska,* 865 F.3d 1014, n.3 (8th Cir.2017)

On or about August 4, 2017, Frederick R. King, Associate General Counsel for the Nebraska State Patrol notified 74 individuals, including Plaintiff and others similarly situated, that he was no longer subject to the Nebraska Sex Offender Registration Act.

On July 27, 2018, the Nebraska Supreme Court, in *State of Nebraska v. Nathan W. Clemens,* 300 Neb. 601 (Neb. 2018), disagreed with the Eighth Circuit Court of Appeals decision in *A.W. by and through Doe v. State,* 865 F.3d 1014 (8th Cir.2017), and held that Neb. Rev. Stat. § 29-4003(1)(a)(iv) does not require an adult "conviction" and that the Nebraska Sex Offender Registration Act, on its face, applies to individuals with out-of-state adjudications.

On or about September 4, 2018, the Nebraska State Patrol, Sex Offender Registration Division, mailed a letter to Plaintiff and others stating, "due to a recent Nebraska Supreme Court opinion in State of Nebraska v. Nathan W. Clemens No. S-17-872 (issued by the Nebraska Supreme Court on 7/27/18), you are now required to register as a sex offender under Nebraska law" and "[y]ou are directed to report immediately to your County Sheriff's Office to register as a Nebraska sex offender."

## JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States and is brought pursuant to Title 42 U.S.C. § 1983. Subject matter jurisdiction over the federal constitutional issues is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343. Jurisdiction supporting the claim for attorney fees and costs is conferred by 42

U.S.C. § 1988. This Court has supplemental subject matter jurisdiction over the state law issues pursuant to 28 U.S.C. § 1367. This Court has jurisdiction to order injunctive and declaratory relief pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 1983.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff John Doe is a resident of the State of Nebraska. He received a juvenile adjudication at the age of 14 while residing in another state. He received the above-referenced letter on September 6, 2018.

4. Defendant Doug Peterson, Attorney General of Nebraska, is the authorized legal representative for the State of Nebraska and is responsible for the enforcement of laws and prosecution of crimes throughout the State. He is sued in his official capacity.

5. Defendant Colonel John Bolduc is the Superintendent of Law Enforcement and Public Safety for the Nebraska State Patrol. He is sued in his official capacity.

## CLAIMS FOR RELIEF

6. The Nebraska State Patrol is applying SORA and its public notification requirements to juveniles adjudicated delinquent in other jurisdictions but not in Nebraska.

7. Plaintiff brings this action under 42 U.S.C. § 1983 for denial of his constitutional rights against Defendants Peterson and Bolduc in their official capacity.

6

## INCORPORATION OF ALLEGATIONS

8. All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim.

## COUNT ONE
### Equal Protection

9. Defendants violated Plaintiff's (and others similarly situated) right to equal protection by applying SORA and its public notification requirements to Plaintiff (and others similarly situated) adjudicated delinquent in other jurisdictions but not individuals adjudicated delinquent in Nebraska.

10. Defendants discriminated against Plaintiff (and others similarly situated) solely because his adjudication occurred in another jurisdiction.

11. Discrimination by Defendants based on the jurisdiction in which an adjudication occurred is not rationally related to a legitimate government interest.

## COUNT TWO
### Third Prong of the Right to Travel
### Privileges or Immunities and Privileges and Immunities

12. The application by Defendants of SORA and its public notification requirements to Plaintiff (and others similarly situated) adjudicated delinquent in other jurisdictions but not individuals adjudicated delinquent in Nebraska violates Plaintiff's (and others similarly situated) right to travel protected by the Privileges or Immunities and Privileges and Immunities Clauses of the U.S. Constitution.

13. Defendants' application of SORA to Plaintiff (and others similarly situated) treats nonresidents who visit Nebraska differently than then-current residents.

14. Defendants' application of SORA to Plaintiff (and others similarly situated) discriminates against citizens of other states who wish to establish residence in Nebraska.

## COUNT THREE
## Cruel and Unusual Punishment

15. Defendants' application of SORA and its public notification requirements, which declares "that sex offenders present a high risk to commit repeat offenses," constitutes cruel and unusual punishment in violation of the Eighth Amendment to the U. S. Constitution as-applied to Plaintiff (and others similarly situated).

16. The magnitude of restraint of SORA as-applied to Plaintiff (and others similarly situated), involving affirmative restraints and disabilities similar to and greater than traditional parole and not dependent upon any individualized finding that Plaintiff (and others similarly situated) poses a risk to the safety of others, constitutes punishment.

17. The length of registration requirement for Plaintiff (and others similarly situated)—lifetime registration—does not correspond to the recidivism risk of Plaintiff (and others similarly situated) and constitutes punishment.

18. The consequences experienced by Plaintiff (and others similarly situated) flow directly from SORA's registration and public dissemination provisions and not a fact of conviction because the information related to the adjudications of Plaintiff (and others similarly situated) was confidential and was not already a matter of public record.

## CLASS ACTION AVERMENTS
### Adequate Class Definition

19. The proposed class would include all individuals that were placed on the Nebraska Sex Offender Registry based on a juvenile adjudication from another jurisdiction.

### Ascertainable Class

20. Because the Nebraska State Patrol maintained the sex offender registry, which includes the out-of-state adjudication records of all members of the proposed class, all of the information required to precisely define the class is readily available and already in the possession of the Nebraska State Patrol.

21. Based on public comments, the Nebraska State Patrol identified 74 individuals that would constitute the class.

### R. 23(a)(1) Numerosity

22. Upon information and belief, at least seventy-four (74) individuals were placed on the Nebraska Sex Offender Registry based on juvenile adjudications from other jurisdictions.

23. The class is so numerous that joinder of all members is impracticable.

### R. 23(a)(2) Commonality

24. The Constitutional issues for all of the class members are identical, and determination of the Constitutional issues will resolve the claims of all of the class members in one stroke.

### R. 23(a)(3) Typicality

25. The named-plaintiff's claims are identical to those of other class members with respect to the relevant legal theory and factual circumstances, i.e. the claims of the named plaintiffs and class members arise from the same practice by the Nebraska State Patrol and the same legal theories.

### R. 23(a)(4) Adequacy

26. Plaintiffs' counsel participated in the cases of *Doe v. State of Nebraska,* Nos. 8:09CV456, 4:09CV3266, 4:10CV3004, 4:10CV3005, wherein District Judge Richard Kopf considered the constitutionality of amendments to Nebraska's Sex Offender Registration Act.

27. Plaintiffs' counsel was the attorney of record for the case of *A.W. v. State of Nebraska,* 865 F.3d 1014 (8th Cir.2017) (determining a juvenile adjudicated delinquent did not fall within the meaning of the term "sex offender" and was not subject to the Sex Offender Registration Act). The foregoing case led to the removal of Plaintiff and members of the proposed class from the Nebraska Sex Offender Registry.

28. Plaintiffs' counsel has twelve years of experience practicing law in the State of Nebraska and has litigated over 200 federal cases in the District of Nebraska, the Northern and Southern Districts of Iowa, the Northern District of Alabama, the Eighth Circuit Court of Appeals and the United States Supreme Court.

### R. 23(b)(3) Predominance and Superiority

29. There is a single, central, common issue of liability: whether Defendants' application of SORA to members of the class is unconstitutional.

### PRAYER FOR RELIEF

WHEREFORE Plaintiffs request the Court grant them relief as follows:

1. Grant class certification;

2. A declaration that Neb. Rev. Stat. § 29-4003(1)(a)(iv) and (b)(iii) as applied to Plaintiff and others similarly situated is unconstitutional;

3. A permanent injunction prohibiting each Defendant from enforcing Neb. Rev. Stat. § 29-4003(1)(a)(iv) and (b)(iii) against Plaintiff and others similarly situated;

4. Award reasonable attorneys' fees; and

5. Other and further relief the Court deems just and equitable.

### JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

Plaintiffs demand this case be tried to a jury in Omaha, Nebraska.

DATED: September 7, 2018

JOHN DOE,

BY:   /s/ Joshua W. Weir (#23492)
       BLACK & WEIR LAW OFFICES, LLC
       1904 Farnam Street, Suite 425
       Omaha, NE 68102
       Phone: (402) 513-3650
       Facsimile: (844) 222-2417
       josh@joshweirlaw.com